OPINION OF THE COURT
Per Curiam.
Order entered March 6, 1985 unanimously modified to the extent of striking the affirmative defense of limitation of liability and, as modified, affirmed, with $10 costs to the plaintiff-respondent.
This is an action' against a common carrier for breach of contract, negligence, and conversion in connection with a shipment of goods which was never delivered to the intended consignees or returned to the plaintiff. The failure to deliver is conceded, and Special Term’s grant of partial summary judg *1067 ment in plaintiff’s favor on liability is not contested. At issue is defendant’s attempt to enforce a limitation of liability provision contained in the delivery documents covering the transaction. That provision limits recovery in the event of nondelivery to $50, "unless a greater value is declared”. Plaintiff, which seeks damages of $3,787.20, did not declare a greater value.
Special Term found a triable issue of fact as to the application of the limitation of liability clause. We disagree. Under the holding of the Court of Appeals in I.C.C. Metals v Municipal Warehouse Co. (50 NY2d 657), a prima facie case of negligence or conversion is made out where a bailee fails to provide an adequate explanation for its failure to return bailed goods. Once a conversion has been established, public policy bars enforcement by the bailee of the liability limitation (supra, p 663). Other than a casual reference to the effect that the goods in question were stolen, defendant’s submission below was woefully insufficient to raise a question of fact in support of the claimed explanation of theft; such a record suffices to sustain plaintiff’s action in conversion, thereby rendering inapplicable the contractual limitation upon defendant’s liability (supra, pp 664-665).
While I.C.C. Metals v Municipal Warehouse Co. (supra) is a case which focuses upon a warehouse’s liability, the legal principles expressed therein may reasonably be applied to common carriers such as the defendant (see, Iselin & Co. v Milton Feinberg, Inc., 92 AD2d 495).
Hughes, J. P., Riccobono and Parness, JJ., concur.